IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-293-FL

| | |
|---|---|
| VICTOR CHANNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| EQUIFAX, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for order directing plaintiff to cease direct communications with defendant's employees and other improper communications (DE # 11). Also before the court is plaintiff's *pro se* motion for sanctions and violation of Rule 11 of the Federal Rules of Civil Procedure (DE # 14). Defendant responded in opposition to plaintiff's motion and plaintiff filed reply. It appearing from the face of the docket that plaintiff did not respond to defendant's motion to cease communications, upon closer review of plaintiff's motion for sanctions it appears that the motion is itself a form of response to defendant's motion. Thus, the court addresses all of the instant motions together. For the following reasons, defendant's motion is granted and plaintiff's motion is denied.

## STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, filed complaint in state court under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et. seq.* Defendant filed notice of removal to this court on June 10, 2011. Plaintiff alleges that defendant violated the FCRA in its handling of his credit file. He also alleges various other claims, including fraud and negligent infliction of emotional distress. On July

19, 2011, this court entered case management order ("CMO"), setting forth a schedule for this case, including the time periods for discovery, motions practice, and eventually, trial. The deadline for discovery in this case is not until February 17, 2012. It appearing that the parties have experienced various communications difficulties, they have each filed the instant motions.

## DISCUSSION

A.   Defendant's Motion for Order Directing Plaintiff to Cease Improper Communications

On August 12, 2011, defendant filed the instant motion, alleging that plaintiff has harassed defendant's employees regarding the removal of collection accounts from his credit file. Defendant alleges that plaintiff makes numerous telephone calls to its employees and employees of its subsidiary, despite being told repeatedly that he must only contact defendant's counsel. Defendant also alleges that plaintiff repeatedly calls various attorneys at counsel's law firm and complains about defense counsel's behavior towards him. In support of its motion, defendant included various affidavits of defendant's employees as well as affidavit of defense counsel. Plaintiff's Rule 11 motion, which also responds to the allegations in defendant's motion, denies any wrongdoing, denies that he frequently calls defendant's employees or defense counsel, and contends that defense counsel has been untruthful to the court.

Though plaintiff proceeds *pro se*, he is still bound by the same rules of court and procedure that a lawyer must follow. Rule 4.2 of the Model Rules of Professional Conduct prohibits an attorney from contacting a represented party. Contacting represented parties directly, rather than through counsel, is strictly forbidden. It is clear from defendant's motion that defendant has sought to direct all communications through counsel, and plaintiff is admonished to adhere to that direction going forward. Any such attempt to contact directly defendant or its employees may result in

2

dismissal of this lawsuit for failure to comply with court orders. To the extent that defendant's motion seeks the relief provided herein, it is granted.[1]

B.  Plaintiff's Motion for Sanctions

On August 25, 2011, plaintiff filed motion under Rule 11 for sanctions. He contends that defendant and defense counsel have engaged in abusive behavior towards him. The essence of the motion appears to be a response to defendant's motion to cease improper communications, addressed above. Plaintiff's motion is quite lengthy, and includes various general complaints against defendant and its business practices. Plaintiff alleges that the allegations made in defendant's motion are false. Plaintiff repeatedly asserts that defendant refuses to turn over his credit file, while defendant's response indicates that it has turned over copies of his credit file on May 23, 2011, August 15, 2011, and August 25, 2011. (Pl.'s Resp. 8.) Defendant's response denies all of plaintiff's allegations and asserts several ways that plaintiff has not complied with the requirements of Rule 11. Further, defendant seeks payment of attorney's fees and costs incurred in responding to plaintiff's motion.

Rule 11 provides that when filing pleadings or motions with the court, an attorney or unrepresented party certifies that to the best of that persons's knowledge, the filing satisfies the requirements in rule 11(b). These requirements include that the filing is not made for an improper purpose, that the claims are warranted by existing law, factual contentions have evidentiary support, and denials of contentions are warranted. See Fed. R. Civ. P. 11(b). Rule 11 provides opportunity

---

[1] Defendant's motion does not formally ask for an injunction. However, reading the motion as a whole, the court finds that the relief defendant seeks is simply to direct plaintiff's communication to counsel for defendant, and, as noted above, to the extent such relief is sought, it is granted. Defendant's motion also includes some passing statements that defendant is not amenable to suit under the FCRA and is not the appropriate party to sue in this instance. Such arguments are better made in separate motion and are not addressed herein.

3

for a party to move for sanctions when another party's conduct does not conform with 11(b). To make a motion for sanctions,

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). If, after notice and reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule. Fed. R. Civ. P. 11(c)(1).

Upon consideration of plaintiff's motion and reply in support, the court cannot determine that Rule 11(b) has been violated. The most specific allegation plaintiff appears to make is that defendant's counsel filed the motion to cease improper communications in bad faith and without factual substantiation. The court does not agree. Defendant's motion was grounded in fact, and was supported by various affidavits. Moreover, it was reasonable in light of plaintiff's continued violations of the client-attorney contact rules. Plaintiff's other allegations in support of his motion for sanctions, especially as laid out in his reply in support, consist of attacks against defendant and its business practices as well as attacks against counsel that do not appear supported by the record. The majority of plaintiff's Rule 11 motion appears to be an attempt to litigate the merits of this case, specifically the manner and means of what plaintiff contends are defendant's unreasonable business practices in credit reporting. These arguments are inappropriate for a Rule 11 motion. The court finds no basis for Rule 11 sanctions, and as such plaintiff's motion is denied.[2]

---

[2] The court does not address plaintiff's alleged violation of the safe harbor provision because it finds no basis for Rule 11 sanctions.

4

Defendant seeks attorney's fees and costs for responding to plaintiff's Rule 11 motion. Rule 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the [Rule 11] motion." Fed. R. Civ. P. 11(c)(2). Despite proceeding *pro se*, plaintiff is held to the same standards as any attorney. Plaintiff must comply with the rules of professional conduct and civil procedure. Importantly, *pro se* plaintiffs are not excused from the requirements of Rule 11. Myers v. Groh, 2010 WL 4876609, at *9 (N.D.W.Va.2010). A court may take a person's status as a *pro se* litigant into account, however, when considering Rule 11 sanctions." Id. (citing Martin v. Farmers First Bank, 151 F.R.D. 44, 48 (E.D.Pa.1993)); see also Edmonds v. Gilmore, 988 F.Supp. 948, 957 (E. D. Va. 1997) (a plaintiff's *pro se* status should be considered in deciding whether sanctions are appropriate).

Considering plaintiff's *pro se* status, the court declines to award attorney's fees in this instance. Although counsel for defendant submitted exhibits revealing that plaintiff was warned that defendant would seek attorney's fees, the court cannot find that such an award would be appropriate. Plaintiff's Rule 11 motion was in several respects a response in opposition to defendant's motion to cease improper communications. While *pro se* plaintiff is held to the same standards as attorneys, the court must afford *pro se* pleadings more liberal construction and must also consider a party's *pro se* status when applying Rule 11 sanctions. The cases defendant cites in support for the argument that it is entitled to attorney's fees do not involve *pro se* litigants and do not convince the court that fees are appropriate here.[3] However, the court takes this opportunity to remind plaintiff that the

---

[3] Additionally, the court notes that it must engage in an extensive analysis when deciding to award attorney's fees. See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). Specifically, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. Id. (quoting Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)). Defendant has not produced this information nor other information required for consideration of attorney's fees. The court notes that a case cited by defendant, Cox v. Deal, 2011 WL 3418397, *2 (D.S.C. Aug. 3, 2011), outlines the standard for awarding attorney's fees and what the court must consider.

5

standards set forth in Rule apply to him. Further motions not grounded in fact will be susceptible to Rule 11 sanctions, and plaintiff is put on notice that his *pro se* status will not protect him from future Rule 11 sanctions if such are warranted. Accordingly, defendant's request for attorney's fees is denied.

This case now proceeds forward. Both parties are advised to closely consult the CMO currently in place and direct their energies toward promoting an efficient and productive discovery. The court always stands ready to promote efficiencies during all phases of litigation, yet reminds the parties that limited resources and heavy case load do not leave it time to resolve disputes that could be more quickly and efficiently settled by conference between the parties.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion for order directing plaintiff to cease direct communications with defendant's employees and other improper communications (DE # 11). The court DENIES plaintiff's motion for Rule 11 sanctions (DE # 14). Plaintiff is reminded of the restrictions in Model Rule 4.2 of the Rules of Professional Conduct and is directed that all communications must be made to defendant's counsel.

SO ORDERED, this the 26 day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge