IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-00293-FL

| | |
|---|---|
| VICTOR CHANNING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUIFAX, INC., )<br>)<br>Defendant. )<br>) | **O R D E R** |

This cause comes before the Court upon three motions characterized as motions to compel by *pro se* Plaintiff. (DE-25, DE-26, DE-27). Defendant opposes the motions, which are ripe for adjudication. (DE-30). Pursuant to 28 U.S.C. § 636, the motions have been referred to the undersigned. For the reasons stated herein, Plaintiff's motions are denied and Defendant's request for reasonable expenses is granted.

### BACKGROUND

Plaintiff filed his complaint against Defendant in Superior Court, Wake County, on May 11, 2011. (DE-1-2). In his complaint, Plaintiff alleges, *inter alia*, that Defendant failed to use reasonable care and committed fraud with regard to his consumer credit report, thereby violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Defendant, a consumer reporting agency, removed the case to this Court on June 10, 2011. (DE-1, p.2).

On October 26, 2011, the Court granted Defendant's motion requiring Plaintiff to cease his improper communications with employees of Defendant and denied Plaintiff's motion for

1

sanctions. (DE-18). The Court observed that Plaintiff's "allegations in support of his motion for sanctions . . . consist of attacks against defendant and its business practices as well as attacks against counsel that do not appear supported by the record" and that "[t]he majority of plaintiff's Rule 11 motion appears to be an attempt to litigate the merits of this case, specifically the manner and means of what plaintiff contends are defendant's unreasonable business practices in credit reporting." (DE-18, p.4). While the Court declined to award requested attorneys' fees to Defendant, the Court "put [Plaintiff] on notice that his *pro se* status will not protect him from future Rule 11 sanctions if such are warranted." (DE-18, p.6).

In accordance with the case management order entered by the Court, discovery in this case concluded on February 17, 2012. (DE-10). Defendant moved for summary judgment on March 16, 2012. (DE-23). That motion is currently pending. Plaintiff filed his first motion to compel on March 16, 2012 (DE-25) and the second and third motions to compel on March 19, 2012. (DE-26, DE-27). Plaintiff also filed a memorandum in support of his motions. (DE-28).

**DISCUSSION**

Plaintiff's first and second motions (DE-25, DE-26) are strikingly similar. The bulk of these two motions are devoted to general complaints about Defendant, its business practices, and its counsel, whom Plaintiff accuses of openly defrauding the Court. The third motion (DE-27) seeks to compel the appearance of seven witnesses at trial.

To the extent that Plaintiff's motions, like his previous unsuccessful motion for sanctions, consist of baseless "attacks against counsel that do not appear supported by the record" and "attempt to litigate the merits of this case," they will not be considered or addressed. Plaintiff also contends that the Court's October 26, 2011 order denying his motion for sanctions is "overly broad and bias[ed] against the pursuit of equity and fairness," DE-26, p.2, and he asks the Court to nullify

2

the order.  This request is denied.

The undersigned notes that none of the three motions to compel contains a certification that Plaintiff has conferred with Defendant as required by Fed. R. Civ. P. 37(a)(1).  "A motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  McMillian v. North Carolina Cent. Prison, No. 5:10-CT-3037-FL, 2012 U.S. Dist. LEXIS 942, at *10 (E.D.N.C. Jan. 4, 2012) (citing Fed. R. Civ. P. 37(a)(1)); *accord* Local Civil Rule 7.1(c).  Plaintiff's motions may be denied on this ground alone.

For its part, Defendant asks the Court to award costs and attorneys' fees it has incurred in responding to what is contends are utterly frivolous motions.  (DE-30).

**Motions to Compel (DE-25, DE-26)**

Plaintiff complains that Defendant have refused to participate in scheduled depositions.  Plaintiff claims that he "scheduled a deposition hearing five different times and each time the Defendant's Attorney Love objected not only to the date proposed for the deposition hearing, but having a hearing altogether."  (DE-25, p.3; DE-26, p.4).

Sanctions may be imposed on a party who fails to appear for a deposition if that party has been served with "proper notice."  Fed. R. Civ. P. 37(d)(1)(A)(i).  Proper notice requires "reasonable written notice . . . . stat[ing] the time and place of the deposition" and the method for recording testimony.  Fed. R. Civ. P. 30(b)(1), (3)(A).  Plaintiff does not support his assertions regarding the scheduled depositions with an affidavit, copies of deposition notices, or any other evidence demonstrating that he properly served Defendant with deposition notices.  In fact, Defendant avers that it has never received a written deposition notice from Plaintiff for any of the individuals identified in Plaintiff's motions, or for anyone else.  (DE-30-1).

3

Similarly, Plaintiff seeks production of "<u>frozen scans</u> of the Plaintiff's consumer credit reports for the last <u>five</u> years, prior to June 2011." (DE-25, p.1, DE-26, p.2). However, Plaintiff does not allege, nor does he provide evidence, that he previously requested "frozen scans" from Defendant. Defendant indicates that Plaintiff has "never served [Defendant] with any formal discovery requests—no requests for admissions, no interrogatories, no requests for document production." (DE-30, p.13; DE-30-1, p.1). Nor is it clear what relevance, if any, such "frozen scans" might have in the instant case.

In accordance with the case management order entered by the Court, discovery in this case concluded on February 17, 2012. (DE-10). Inasmuch as Plaintiff failed to seek timely discovery, he will not be allowed now, under the guise of a motion to compel, to attempt to reopen discovery in order to depose witnesses or discover documents he neglected to pursue during the nearly eight-month discovery period.

The motions to compel (DE-25, DE-26) are accordingly DENIED.

**Third Motion to Compel (DE-27)**

By his third motion to compel, Plaintiff seeks an order compelling certain witnesses to appear at trial. The production of witnesses at trial is not a proper subject for a motion to compel discovery, however. To the extent Plaintiff's motion may be construed as a request for trial subpoenas, trial of this case is scheduled for the Court's July 16, 2012 term. Plaintiff's request is therefore premature. Plaintiff's motion to compel (DE-27) is DENIED.

**Attorneys' Fees and Costs**

Defendant seeks the reasonable expenses it incurred in opposing Plaintiff's motions, including attorneys' fees, in accordance with Fed. R. Civ. P. 37(a)(5)(B). (DE-30, p.18). This Court has already warned Plaintiff that his *pro se* status would not protect him from future

4

sanctions if such were warranted. The undersigned finds that an award of reasonable expenses in this case is appropriate and necessary to deter Plaintiff from further baseless filings. Defendant should therefore submit, no later than 12:00 p.m. on April 20, 2012, evidence of the reasonable expenses it incurred in responding to Plaintiff's motions, including attorneys' fees. To support an award of attorneys' fees, Defendant should also submit evidence regarding the factors this Court must consider, including the prevailing market rates for similar legal work in the relevant community. *See, e.g.,* Robinson v. Equifax Info. Servs., LLC, 560 F. 3d 235, 243 (4th Cir. 2009). Plaintiff may respond to Defendant's submission no later than 12:00 p.m. on May 4, 2012, and an order awarding reasonable expenses to Defendant will follow thereafter.

## **CONCLUSION**

Plaintiff's motions to compel (DE-25, DE-26, DE-27) are DENIED. Defendant's request for reasonable expenses, including attorneys' fees, is GRANTED. Defendant is ORDERED is file with the Court no later than 12:00 p.m. on April 20, 2012, evidence of the reasonable expenses it incurred in responding to Plaintiff's motions. Plaintiff may respond to Defendant's submission no later than 12:00 p.m. on May 4, 2012. An order awarding reasonable expenses to Defendant will thereafter issue.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 11th day of April, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE