IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-293-FL

| | |
|---|---|
| VICTOR CHANNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| EQUIFAX, INC., ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion for summary judgment, filed March 16, 2012 (DE # 23), to which plaintiff responded on April 9, 2012 and defendant replied on April 26, 2012. Also before the court are plaintiff's motions for summary judgment (DE # 36) and for leave to file pretrial motions and to extend the discovery period (DE # 37), filed April 20, 2012. Also coming to the court's attention is that motion filed by defendant May 1, 2012, wherein defendant seeks to strike or dismiss as untimely plaintiff's motion for summary judgment (DE # 39), and its response in opposition to plaintiff's motion for an extension of the discovery period. The issues raised are ripe for adjudication.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed complaint in state court under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et. seq*, and defendant filed notice of removal to this court on June 10, 2011. Plaintiff alleges that defendant violated the FCRA in its handling of his credit file. He further asserts various other claims, including fraud and negligent infliction of emotional distress.

The court entered case management order ("CMO") on July 19, 2011, establishing therein a discovery deadline of February 17, 2012, as well as a dispositive motions deadline of March 18, 2012. The parties jointly proposed these deadlines in their Rule 26(f) report, filed July 13, 2011.

In accordance with the CMO, defendant filed motion for summary judgment on March 16, 2012, two days before the dispositive motions deadline. Plaintiff, however, did not file motion for summary judgment until April 20, 2012, more than a month after the deadline set in the CMO. Concurrent with this motion, plaintiff filed "motion for leave to file pretrial motions and to extend the discovery period pursuant to Rule 26 until 30 days before the trial begins." Defendant responded in opposition to the latter motion and moved to strike or dismiss the former.

## DISCUSSION

Plaintiff moves the court to extend the deadline for filing of dispositive motions and for conduct of discovery. Defendant, in turn, asks the court to dismiss as untimely plaintiff's motion for summary judgment. As stated above, the CMO established a discovery deadline of February 17, 2012, and a dispositive motions deadline of March 18, 2012.

"[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Wooton v. CL, LLC, 2:09-CV-34-FL, 2010 WL 5477192, at *4 (E.D.N.C. Dec. 29, 2010) (internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 16(b)(4), the court's scheduling order "may be modified only for good cause and with the judge's consent." The Fourth Circuit, interpreting Rule 16(b) in the context of a motion to amend a pleading, held that the "good cause" standard "considers the diligence of the party seeking to amend, rather than simply that party's lack of bad faith or the lack of prejudice to the opposing party." Essential Hous. Mgmt., Inc. v. Walker, 166 F.3d 332, at *4 (4th Cir. 1998) (unpublished).

2

"'Good cause' is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts." Dent v. Montgomery County Police Dept., 745 F. Supp. 2d 648, 663 (D. Md. 2010); see also Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P., 5:09-CV-352-F, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) ("Thus, a court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.'") (quoting Fed. R. Civ. P. 16(b), advisory committee's note to 1983 amendment).[1]

Under the above Rule 16(b)(4) "good cause" standard, courts have refused to extend the deadline for filing of dispositive motions absent the moving party's demonstration of diligence. For instance, in Corkrey v. Internal Revenue Service, 192 F.R.D. 66 (N.D.N.Y. 2000), the court denied defendant's motion to extend the dispositive motions deadline where defendant argued only "that its dispositive motion is likely to prevail, it is in the process of preparing the motion, the motion likely will save the parties and the [c]ourt time and expense, and plaintiffs do not oppose its request for an extension." Id. at 68. Similarly, in Neighbors Law Firm, the court refused to extend the dispositive motions deadline where the movant did not "explain what circumstances prevented it from filings its motion for summary judgment [before the deadline]." Neighbors Law Firm, 2011 WL 238605, at *2.

---

[1] See also Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) ("Whether good cause exists turns on the diligence of the moving party.") (internal quotation marks omitted); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements"); Strope v. Collins, 315 F. App'x 57, 61 (10th Cir. 2009) ("Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay") (internal quotation marks omitted); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension") (internal quotation marks omitted); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

In addition, a motion to enlarge the discovery period will be denied where the movant fails to provide cause for extension. See, e.g., Remediation Products, Inc. v. Adventus Americas Inc., 3:07-CV-153-RJC-DCK, 2009 WL 2497939, at *3 (W.D.N.C. Aug. 13, 2009) (refusing to extend the discovery deadline where movants did not show "that they diligently pursued [ ] discovery but were unable to reasonably meet the deadline"); Handy v. Cummings, 11-CV-00581-WYD-KMT, 2012 WL 1144663 (D. Colo. Apr. 4, 2012) (finding that *pro se* plaintiff failed to demonstrate the requisite good cause for extension of the discovery deadline).

Here, plaintiff has not provided any justification for his failure to comply with the court's deadlines for completion of discovery and for filing of dispositive motions. Plaintiff references his *pro se* status and contends that he did not understand the court's deadlines to be "absolute and unmoveable." Pl.'s Mot. ¶ 1. While the court affords a *pro se* plaintiff and his pleadings liberal treatment, it cannot excuse his failure to comply with court deadlines absent good cause. Here, the CMO clearly informed: "Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied." CMO § II.E.

Plaintiff further appears to argue that an extension of the discovery period is necessary to allow for additional depositions. Pl.'s Mot. ¶ 2. Yet plaintiff has not provided any specifics as to the depositions he now seeks to conduct, and defendant informs that during the seven-month discovery period, plaintiff did not serve any discovery requests on defendant – no interrogatories, requests for production of documents, requests for admissions, or deposition notices. Def.'s Resp. 1. Plaintiff does not provide any indication to the contrary.

4

Where plaintiff has not demonstrated diligent effort to comply with the court's deadlines, plaintiff's motion for leave to file pretrial motions and to extend the discovery period (DE # 37) is DENIED. Accordingly, defendant's motion to dismiss as untimely plaintiff's motion for summary judgment (DE # 39) is GRANTED. Plaintiff's motion for summary judgment (DE # 36) is DISMISSED.

## CONCLUSION

Plaintiff's motion for leave to file pretrial motions and to extend the discovery period (DE # 37) is DENIED and his motion for summary judgment (DE # 36) DISMISSED as untimely. Defendant's motion to strike or dismiss plaintiff's motion for summary judgment (DE # 39) is GRANTED. Where defendant's motion for summary judgment (DE # 23) remains pending, the court finds good cause to continue the trial from its civil term commencing July 16, 2012, to a date and time to be noticed upon resolution of the pending dispositive motion, should issues remain for trial.

SO ORDERED, this the ____ day of June, 2012.

LOUISE W. FLANAGAN
United States District Judge