IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-293-FL

| | | |
|---|---|---|
| VICTOR CHANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EQUIFAX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion for summary judgment (DE # 23). The matter has been fully briefed and the issues raised are ripe for adjudication. For the reasons set forth below, defendant's motion for summary judgment is GRANTED.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed complaint in Wake County Superior Court. Defendant removed the action to this court on June 10, 2011, pursuant to 28 U.S.C. § 1441 and 1446. Plaintiff's *pro se* complaint is difficult to understand and not entirely clear. Construing it broadly, in keeping with his *pro se* status, he alleges that defendant violated § 611 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681i, in its handling of his credit file, and asserts various other claims sounding in breach of contract, defamation, and negligent infliction of emotional distress. In support of his claims, plaintiff asserts that defendant wrongfully refused to delete erroneous entries reported to defendant by creditors, manipulated his credit report by deleting accounts that positively reflected on his ability to pay his bills, and placed negative information on his report when the identifying information indicated the information regarded another person.

On March 16, 2012, defendant filed the instant motion for summary judgment. Plaintiff responded in opposition on April 9, 2012, and defendant replied on April 26, 2012. Issues have been protracted by plaintiff's litigation tactics, including the filing of numerous meritless motions containing personal attacks against defendant and defendant's counsel which summarily have been denied. These tactics have led to plaintiff being sanctioned by the court.

## COURT'S DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Only disputes between the parties over facts that might affect the outcome of the

2

case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on this motion. Id. at 248-49.

"A document filed *pro se* is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). However, "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them' . . . The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transformer the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Services for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)).

B.  Analysis

Defendant moves for summary judgment arguing that it is not the proper party to be sued, and that it is not a consumer reporting agency ("CRA") as defined by the FCRA. Section 611 of the FCRA, 15 U.S.C. § 1681i, applies only to CRAs. See Persson v. Equifax, Inc., No. 7:02-CV-511, DE # 80 (W.D.Va., Oct. 28, 2002) (unpublished slip. op.). The FCRA defines a CRA as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). Defendant, which is incorporated and headquartered in Georgia, is a holding company with no source of income other than what it obtains from its ownership interests

3

in subsidiaries and affiliates. Def.'s Mem. Supp. Summ. J. Ex. A, Harris aff. ¶ 3. It has not been in the business of assembling or evaluating consumer credit information since 1977. Id. at ¶ 5. Thus, insofar as plaintiff has alleged a claim against defendant for violating the FCRA, summary judgment for defendant is appropriate where it is not a CRA and not subject to the requirements of the FCRA.

More importantly, however, plaintiff has simply sued the wrong party; therefore summary judgment for defendant is appropriate as to all claims. There are no genuine issues as to the following material facts which defendant has demonstrated by filing several sworn affidavits, uncontroverted by plaintiff. Defendant is not a CRA, but rather is a holding company which does not own, receive, store, maintain, process, or otherwise exercise control over plaintiff's consumer credit information. Id. at ¶¶ 3, 8; see also Ransom v. Equifax Inc., No. 09–80280–CIV, 2010 WL 1258084, at *3 (S.D.Fla. Mar. 30, 2010) (granting summary judgment for Equifax, Inc. as it was not a CRA and did not prepare a consumer report regarding plaintiff); Slice v. Choicedata Consumer Servs., Inc. 2005 WL 2030690, at *3 (E.D.Tenn. Aug. 23, 2005) (same). Defendant's subsidiary, Equifax Information Services LLC ("EIS"), is a consumer reporting agency ("CRA") as defined by the FCRA and maintains a consumer database including information regarding plaintiff. Id. at ¶ 9; Def.'s Mem. Supp. Summ. J. Ex. B, Cole aff. ¶ 9.

EIS is the entity which handled plaintiff's disputes regarding his credit record. Id. at ¶¶ 27-46. It is undisputed that all of plaintiff's dealings were with EIS, not defendant, and all of the individuals named in plaintiff's complaint as employees of defendant are employees of EIS. See Def.'s Mem. Supp. Summ. J. Ex. A, Harris aff. ¶¶ 6-8; Def.'s Mem. Supp. Summ. J. Ex. C, Spencer aff. ¶¶ 7-10; Def.'s Mem. Supp. Summ. J. Ex. B, Cole aff. ¶ 7.

4

Plaintiff argues that defendant and EIS should be regarded as the same entity, thus subjecting defendant to liability. However, "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." United States v. Bestfoods, 524 U.S. 51, 61 (1998) (quotations omitted). There are limited circumstances in which a corporation and its stockholders are treated as identical, but this piercing of the corporate veil is to be exercised "reluctantly and cautiously." DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681, 683 (4th Cir. 1976). The burden of proving the corporate veil should be pierced rests upon the party asserting the claim. Kinney Shoe Corp. v. Polan, 939 F.2d 209, 211 (4th Cir. 1991).

It is not entirely clear whether the court should apply Georgia, North Carolina, or federal common law regarding piercing the corporate veil.[1] In this case, however, the outcome is the same regardless of which law is applied. Under Georgia law, "[t]o justify piercing the corporate veil, the plaintiff must show that the owner abused the corporate form by disregarding the separateness of legal entities by commingling funds on an interchangeable or joint basis or confusing the otherwise separate properties, records, or control." Dearth v. Collins, 441 F.3d 931, 935 (11th. Cir 2006). Moreover, "as a *precondition* to disregarding the corporate form, *there must be insolvency* on the

---

[1] Where a veil-piercing claim is brought under a federal statute "[t]here is significant disagreement ... over whether ... courts should borrow state law, or instead apply a federal common law of veil piercing." TAC-Critical Sys., Inc. v. Integrated Facility Sys., Inc., 808 F. Supp. 2d 60, 64 (D.D.C. 2011) (quoting Bestfoods, 524 U.S. at 63 n.9). Moreover, when looking to state law, "North Carolina courts have not spoken to the issue of choice of law in piercing the corporate veil." Dassault Falcon Jet Corp. v. Oberflex, 909 F.Supp. 345, 348-49 (M.D.N.C. 1995). Thus, in the event state law applies, it is not entirely clear whether the law of North Carolina – the forum state – or of Georgia – the state of defendant's incorporation – would apply. See id. (holding the North Carolina Supreme Court would likely choose to apply the law of the state of incorporation). Where plaintiff brings a veil-piercing claim under the FCRA, as well as under various state-law claims, he implicates a complicated choice of law questions.

part of the corporation in the sense that there are insufficient corporate assets to satisfy the plaintiff's claim." Adams v. Unum Life Ins. Co. Of America, 508 F.Supp.2d 1302, 1314 (N.D. Ga. 2007) (quotations omitted) (emphasis in original).

Under North Carolina law, a parent is only liable for the actions of its subsidiary where "the corporate structure is a sham and the subsidiary is nothing but a mere instrumentality of the party" Broussard v Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 349 (4th Cir. 1998) (quotations omitted).

Finally, under federal common law a court may pierce the corporate veil where "(1) the shareholder dominates and controls the organization and (2) imposing such liability is needed to avoid injustice." Mayes v. Moore, 419 F. Supp. 2d 775, 781 (M.D.N.C. 2006) (citing Thomas v. Peacock, 39 F.3d 493, 504 (4th Cir.1994), rev'd on other grounds, 516 U.S. 349 (1996)).

In the instant case, there is no genuine issue of material fact that defendant does not control the credit reporting operations of EIS and is not involved in EIS's day-to-day operations. Def.'s Mem. Supp. Summ. J. Ex. A, Harris aff. ¶ 10. Plaintiff has presented no evidence that EIS is insolvent such that it could not satisfy his claim, that EIS is a mere instrumentality of defendant, nor that defendant dominates and controls EIS. Plaintiff supports his claim that EIS and defendant should be viewed as the same entity only by asserting that defendant's CEO "has always treated Equifax, Incorporated and Equifax Information Services as parallel entities" and "treats both entities as if their vision and performance is no different." Pl.'s Resp. Opp'n. Summ. J. 3.

In support of this claim regarding defendant's CEO, plaintiff files an unauthenticated document in which the CEO states that defendant is "the company that empowers businesses and consumers with information they can trust, allowing them to make critical decisions with greater

confidence." Pl.'s Resp. Opp'n. Summ. J. Ex. 2. In the first place, this document is inadmissible. See Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) ("To be admissible at the summary judgment state, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)."). In the second place, even were this document admissible, it does not satisfy any of the requirements for piercing the corporate veil. Thus, plaintiff has failed to create a genuine issue of material fact regarding defendant's liability.

In an attempt to stave off summary judgment, plaintiff also files as exhibits cases in which he claims plaintiffs have prevailed against defendant for violations of the FCRA. Pl.'s Resp. Opp'n. Summ. J. Ex. 4. All but two of the cases were not against defendant, but EIS. The two cases which were instituted against defendant concern actions taken by defendant before 1977, the year in which it ceased engaging in the business of assembling consumer credit information. See Hauser v. Equifax, Inc., 602 F.2d 811 (8th Cir. 1979); Thornton v. Equifax, Inc., 467 F.Supp. 1008 (E.D. Ark. 1979); Def.'s Mem. Supp. Summ. J. Ex. A, Harris aff. ¶ 5. Thus plaintiff's reliance on these cases is misplaced, and summary judgment for defendant is appropriate.

## CONCLUSION

Based upon the foregoing, defendant's motion for summary judgment (DE # 23) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 5 day of February, 2013.

LOUISE W. FLANAGAN
United States District Judge

7